IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALAN PATRICK FOWLER, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | §   NO. 4:21-CV-1192-O |
| | § |
| BOBBY LUMPKIN, DIRECTOR, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the petition of Alan Patrick Fowler, Petitioner, under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, finds that the petition should be **DENIED**.

**I.    BACKGROUND**

Petitioner is serving a term of imprisonment of twenty years pursuant to a conviction for attempted murder under Case No. 1495202R in the Criminal District Court No. 1 of Tarrant County, Texas. ECF No. 21-15 at 7–9. In brief, Petitioner, a CPA, worked as a consultant for Deloitte, where Kevin Lane was his supervisor. Petitioner was fired in August 2015 and blamed Lane for the firing. On August 9, 2016, Petitioner drove from Shreveport, Louisiana, where he lived, to Lane's home in Southlake, Texas. Lane's wife was home alone, as he was traveling. Petitioner cut the power to the home, attempted to break in, fired a shot into the home, and was arrested. Police discovered a bag containing channel lock pliers, razor blades, and a multi-purpose tool, and another bag with a 9-millimeter handgun with homemade silencer and a spare loaded magazine. There were 19 bullets found with the gun and one inside the home that had been fired

by the gun. Police also found complaints Petitioner had documented regarding Lane and discovered computer searches pertinent to seeking revenge against Lane. At trial, Petitioner claimed that, influenced by his state of depression, he drove to Lane's home with the intent of killing himself in Lane's backyard. The jury found Petitioner guilty of attempted murder.

Petitioner appealed and the judgment was affirmed. *Fowler v. State*, No. 02-17-00154-CR, 2018 WL 4781570 (Tex. App.—Fort Worth Oct. 4, 2018, pet. ref'd). The Court of Criminal Appeals of Texas refused his petition for discretionary review. *Id.*; *Fowler v. State*, PD-1218-18 (Tex. Crim. App. 2019).

Petitioner filed an application for state writ of habeas corpus asserting nineteen grounds. ECF No. 21-15 at 21–57. The application was denied without written order on June 16, 2021. ECF No. 21-7.

In his federal petition for writ of habeas corpus, Petitioner asserts eight grounds in support of his request for relief:

> 1. There is insufficient evidence that death could result from the acts of Petitioner.
> 2. There is insufficient evidence to support specific intent to effect the commission of murder.
> 3. Petitioner was denied his constitutional right to a unanimous jury verdict.
> 4. Petitioner was denied his Sixth Amendment right to confront witnesses during the penalty phase of the trial.
> 5. Trial counsel was ineffective for failing to investigate and present evidence of Petitioner's mental health history.
> 6. The prosecutor personally vouched for state witnesses, denying Petitioner due process.
> 7. Counsel was ineffective in failing to object to: (a) the "disjunctive jury charge"; (b) the prosecutor vouching for witnesses; (c) evidence of Petitioner's web searches; (d) the prosecutor's attempts to discredit Petitioner; and (e) evidence of extraneous offenses and bad acts of Petitioner.
> 8. The prosecutor inflamed the jury.

ECF No. 3 at 5–19.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).  A determination of a factual issue made by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  The presumption of correctness applies to both express and implied factual findings.  *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).  Absent express findings, a federal court may imply fact findings consistent with the state court's disposition.  *Marshall v. Lonberger*, 459 U.S.

422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III. ANALYSIS

#### A. Sufficiency of the Evidence

In his first and second grounds, Petitioner alleges that the evidence was legally insufficient to prove that death could have resulted from his actions and that he intended to commit murder. ECF No. 3 at 5–7; ECF No. 5 at 1–9. In reviewing these grounds, the Court considers whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The inquiry is conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000) (quoting *Jackson*, 443 U.S. at 324 n.16). The Court may not reweigh the evidence; all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*, 28 F.3d 477, 480

5

(5th Cir. 1994).

In this case, sufficiency of the evidence was the sole ground raised on appeal. *Fowler*, 2018 WL 4781570. The appellate court applied the *Jackson* standard and determined that the evidence was sufficient to support the jury's verdict. *Id.* As this was the last reasoned opinion on the matter, the Court considers whether the determination was contrary to, or an unreasonable application of, federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In addition, the Court considers whether the opinion amounted to an unreasonable determination of facts in light of the record. *Id.* Having made that assessment, the Court cannot find that Petitioner has met his burden under § 2254(d). Contrary to Petitioner's arguments (including those made in his reply, ECF No. 22 at 1–3), he is not entitled to *de novo* review; the state court did not apply the wrong standard; and, the evidence supports the jury's verdict despite Petitioner's disagreement with it.

**B.     Jury Verdict**

In his third ground, Petitioner argues that he was denied the right to a unanimous jury verdict because the court's charge instructed the jury that if they believed Petitioner equipped a firearm with a silencer, cut the power to Kevin Lane's home, or shot a firearm through the window, they must find him guilty.[1] ECF No. 3 at 8; ECF No. 5 at 10–12. At the time of the trial, Supreme Court precedent did not require a unanimous verdict to support a conviction. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551 (2021) (citing *Apodaca v. Oregon*, 406 U.S. 404 (1972)). In *Ramos v. Louisiana*, the Supreme Court announced a new rule of criminal procedure requiring jury unanimity. 140 S. Ct. 1390, 1397 (2020). However, the rule does not apply retroactively on federal collateral review. *Edwards*, 141 S. Ct. at 1562. Thus, Petitioner is not entitled to the benefit of that

---

[1] The Court notes that each of these alternatives was established beyond a reasonable doubt.

rule.

Even if the new rule announced in Ramos applied, however, it does not appear that it would afford Petitioner any relief. The portion of the charge about which Petitioner complains concerns the manner and means by which he could have committed an element of attempted murder. *See Palacios-Mendez v. United States*, No. 3:16-CV-1774-D, 2018 WL 3950419, at *4 (N.D. Tex. June 18, 2018). The requirement of jury unanimity is not violated by a charge that presents the jury with the option of choosing among various alternative manner and means of committing the statutorily defined offense. *O'Brien v. State*, 544 S.W.3d 376, 382 (Tex. Crim. App. 2018) (noting that the Texas Constitution and Code of Criminal Procedure require a unanimous jury verdict, but unanimity is not violated by a jury charge that presents the jury with the option of choosing among various alternative manner and means of committing the same statutorily defined offense).

### C.     Confrontation

In his fourth ground, Petitioner alleges that he was denied his right to confront "security assessment teams" during the penalty phase of trial. ECF No. 3 at 9–12; ECF No. 5 at 13–18. He refers to testimony of Kevin Lane regarding steps he took to beef up security at his home after Petitioner's arrest and testimony of his wife, who was at home when Petitioner undertook the acts giving rise to his conviction, that she would never feel safe again. He also refers to the testimony of his former employer's security manager, Paul Glowacki,[2] who testified that Petitioner was a real threat to Lane as well as other employees. Petitioner alleges that he suffered actual prejudice as he was sentenced to the maximum term of imprisonment. Further, he says that, had he been able to cross-examine the "security professionals," he would have been able to demonstrate the

---

[2] Petitioner refers to this witness as "Growski." ECF No. 3 at 10; ECF No. 5 at 15.

unreliability of the accusations. He fails to identify the specific "accusations from non-testifying witnesses," much less explain the alleged impact on his sentence. His conclusory allegations are insufficient to entitle him to relief. In any event, the record reflects that Petitioner had the opportunity to cross-examine Lane and his wife and declined to do so. ECF No. 21-2 at 15, 37. He did cross-examine Glowacki. *Id.* at 25–28. Further, Petitioner simply has not pointed out any hearsay that would give rise to a Confrontation Clause claim. *See Ohio v. Clark*, 576 U.S. 237, 245 (2015); *Michigan v. Bryant*, 562 U.S. 344, 358–59 (2011) (a statement does not fall within the Confrontation Clause unless its primary purpose was testimonial).

### D. Prosecutorial Misconduct

In his sixth ground, Petitioner alleges that the prosecutor committed misconduct by vouching for State's witnesses during closing argument. ECF No. 3 at 15–16; ECF No. 5 at 26–27. He points to statements of the prosecutor that (1) if Petitioner was telling the truth, the 16 State's witnesses were lying; (2) the prosecutor took an oath for justice and truth; (3) the prosecutor did not make up the facts, but presented the facts that existed. ECF No. 3 at 15; ECF No. 5 at 26. In his eighth ground, he alleges that the prosecutor inflamed the jury by suggesting Petitioner had betrayed his family. ECF No. 3 at 18; ECF No. 5 at 34–35. He relies upon *Berger v. United States*, where the Supreme Court noted that the case against the defendant was weak and the misconduct was pronounced and persistent, with a probable cumulative effect that could not be disregarded as inconsequential. 295 U.S. 78, 89 (1935). In this case, on the contrary, the evidence of Petitioner's guilt was overwhelming and the incidents of alleged misconduct are not of the kind that would have produced an improper outcome. *See Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986).

Proper jury argument includes four areas: (1) summary of the evidence, (2) reasonable

deductions from the evidence, (3) response to opposing counsel's argument, and (4) pleas for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990) (*en banc*). In determining whether improper argument has occurred, the Court must view the statements in the context of the entire trial and determine whether the arguments were a crucial, critical, and highly significant factor in the jury's determination of guilt. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987). Here, the record reflects that the arguments regarding Petitioner's truthfulness, the prosecutor's oath, and presenting the facts were in response to defense arguments that the prosecutor was upset with Petitioner's testimony because it was the truth. *See* ECF No. 21-1 at IX RR 190, 197–98, 201, 203. The focus of the prosecutor's argument was to point out the inconsistencies in Petitioner's testimony. *See, e.g. id.* at 206–11. The argument regarding Petitioner's abandonment of his family was in response to a defense argument that Petitioner's family should not have to suffer for his sins and that Petitioner would be better able to get help and to heal and to make up to his family if he got community supervision. *Id.* at 176–78. The prosecutor reminded that jury that Petitioner's family was not the only victim and that he should be punished for what he had done. *Id.* at 178–80.

Finally, Petitioner has not shown that the State's rejection of these claims was unreasonable.

### E.   Ineffective Assistance of Counsel

In his fifth and seventh grounds, Petitioner asserts that he received ineffective assistance of counsel. In his fifth ground, Petitioner complains that his counsel failed to investigate and present evidence of Petitioner's mental health history. ECF No. 3 at 12–15; ECF No. 5 at 19–25. In support of this ground, he refers to four affidavits and his own declaration that were not

9

presented to the state habeas court[3] and cannot be considered here. *Cullen*, 563 U.S. at 181. Even if they could, the affidavits would not support any relief. In particular, Dr. King states only that she would have been willing to testify, not what she could have testified about. ECF No. 6-6 at 10. Dr. Wolcott states only that he could have testified that Petitioner was under considerable stress due to the demands of his job, which required him to travel weekly from Shreveport to Dallas.[4] *Id.* at 12. The medical records to which Petitioner refers would not have explained his conduct, much less excused it. In sum, the Court is being asked to speculate as to how things might have turned out differently, which the Court cannot do. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

In his seventh ground, Petitioner alleges that trial counsel was ineffective for a number of reasons. ECF No. 3 at 16–18; ECF No. 5 at 28–33. The first complaint, that the jury instructions allowed for a nonunamimous verdict, and the second, that the prosecutor improperly vouched for witnesses, discussed *supra*, are without merit. Counsel cannot have been ineffective in failing to raise frivolous arguments or objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

The third complaint, that counsel did not object to incomplete, misleading evidence of word searches for "murder" and "murderer" on his computer, is likewise meritless. ECF No. 3 at 16–17; ECF No. 5 at 29–30. Petitioner had an opportunity to explain his searches and failed to do so. In any event, most of his testimony was simply incredible and the jury apparently so found. Had he testified that one search was for "Making a Murderer Netflix" and another was for "The Murder of Teresa Halbach," it just would not have made any difference, especially given his searches for

---

[3] The affidavits and declaration are all dated after the denial of the state habeas application. ECF No. 6-5 at 19, 21, 23; ECF No. 6-6 at 10, 12.
[4] Of course, by the time Petitioner drove to Lane's home, he had been unemployed for many months.

guns and silencers. Counsel doubtless saw that the line of questioning was not going to be worthwhile. Petitioner has not shown that counsel's conduct fell below the wide range of reasonableness discussed in *Strickland*, much less that the state court's denial of his claim was unreasonable.

The fourth complaint is that counsel failed to object when the prosecutor commented on Petitioner exercising his constitutional right to be present in the courtroom. ECF No. 3 at 17; ECF No. 5 at 31. The prosecutor was not commenting on Petitioner's exercise of any constitutional right. The prosecutor was commenting on Petitioner's opportunity to hear all the evidence and come up with explanations for everything he was alleged to have done. That was proper. *Portuondo v. Agard*, 529 U.S. 61, 73 (2000). Petitioner has not shown that any of the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Petitioner's fifth complaint is that counsel failed to object to evidence of alleged extraneous offenses and bad acts he describes as marriage counseling notes, allegations of infidelity, legal pornography, allegations of fraud and theft, and the implication that Petitioner was a bad father. ECF No. 3 at 17–18; ECF No. 5 at 31–32. (He includes in this claim that counsel conducted no investigation into his medical history, presented no exhibits or evidence from witnesses other than family and friends, did not use a medical expert, and made no objections to prosecutorial misconduct or constitutional violations, *id.*, all of which have been examined, *supra*, and found to be without merit.) Petitioner has not shown that admission of what he calls other bad acts was improper. *See* Tex. R. Evid. 404. Much less has he raised an issue of constitutional magnitude.

Considering the alleged failures of counsel individually or collectively, Petitioner has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional conduct. *Strickland*, 466 U.S. at 689. Nor has he shown that he was prejudiced as a result. He certainly has not shown that the state court's assessment of his claims was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

## IV.   CONCLUSION

For the reasons discussed, the Court **DENIES** the relief sought in movant's motion under § 2254.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of October, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**